**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

WILLIAM HOWARD, et al,
    Plaintiffs,

v.

UBP BAY CITY, LLC, et al
    Defendants
_____/

Case No.: 25-cv-10926
Honorable Mark A. Goldsmith

**MOTION**

**\*\* CLASS ACTION \*\***

GARSKE HEWITT PLC
MATTHEW B. HEWITT
Counsel for Plaintiffs & Pro'd Class
505 S. Euclid Ave
Bay City, MI 48706
(989) 355-0100
matthewitt@garskelaw.com

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON
Counsel for Plaintiffs & Pro'd Class
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC
BENJAMIN W. JEFFERS
Counsel for UBP Bay City, LLC
One Woodward Ave, Suite 2000
Detroit, MI 48226
(313) 964-8600
bjeffers@hhbjs.com

WARNER NORCROSS + JUDD
JONATHAN E. LAUDERBACH
Counsel for City of Bay City
715 E Main St, Suite 110
Midland, MI 48640
989.698.3701
jlauderbach@wnj.com

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL W. FAKHOURY
ELIZABETH B. HERRINGTON
MOHAMED AWAN
Counsel for UBP Bay City, LLC
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1445
michael.fakhoury@morganlewis.com
beth.herrington@morganlewis.com
michael.awan@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
MICHAEL J. ABLESON
Counsel for UBP Bay City, LLC
101 Park Avenue
New York, NY 10178
(212) 309-6000
michael.ableson@morganlewis.com

1

## MOTION FOR EARLY DISCOVERY
## REGARDING FEDERAL COURT JURISDICTION

NOW COME Plaintiffs, by counsel, and move for entry of an order authorizing early/accelerated discovery as the federal courts likely lack jurisdiction under the Class Action Fairness Act. The information sought to establish that this Court may or "shall decline" jurisdiction was sought from Defendant UBP Bay City LLC via its counsel and the request was affirmatively denied. See E.D. Mich. LR 7.1(a). For the reasons outlined, the Court is requested to grant the motion providing reasonable jurisdictional-based discovery so that a proper motion to remand can be filed in due course.

**ISSUE(S) PRESENTED**

Should early discovery be authorized to permit Plaintiffs to establish that this Court lacks jurisdiction to hear this case that was improperly removed from Michigan's Bay County Circuit Court?

Answer:
Yes

**MOST CONTROLLING AUTHORITY**

*Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570,
2023 U.S. App. LEXIS 843, 2023 WL 165961 (6th Cir. Jan. 12, 2023)

*Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

ii

**BRIEF IN OPPOSITION**

For years, the City of Bay City, a local Michigan city government, operated the various bridges that crisscross the Saginaw River within Bay City, Michigan's territorial limits. That includes the bascule-style Independence Bridge. However, due to the costs associated with maintenance and repairs and the limited tax base of Bay City property owners, the condition of the "Indy" Bridge has deteriorated over time. As a Michigan city with a major river running right through it, bridges play an essential role in facilitating daily commuter travel, commercial transportation, and overall economic activity. It was concluded by city leaders that the best course of action was to pursue a partnership-style solution that involved either repairing or replacing the bridge to ensure continued access and connectivity.

In 2020 and 2021, Defendant CITY OF BAY CITY ultimately leased the Independence Bridge on the Harry S. Truman Parkway to Defendant UBP BAY CITY, LLC, who operates under the name of "Bay City Bridge Partners" (or BCBP for short). BCBP repeatedly assured the leaders and taxpayers of Bay City, Michigan as well as the traveling public that its involvement would not only preserve essential infrastructure but also enhance the community's economic well-being. What it wanted in return was the right to begin tolls—

at a particular defined time. But what began as a believed partnership has deteriorated into a relationship defined by broken promises, unjustified financial burdens, and an erosion of public trust. This lawsuit deals with one part of that broken relationship – the premature enactment and collection of tolls.

## BACKGROUND

Under the *Concession and Lease Agreement* (the CLA), BCBP was granted a 75-year tolling concession by Defendant CITY OF BAY CITY in exchange for BCBP assuming responsibility for rehabilitating and modernizing the Independence Bridge to ensure long-term usability by everyone. **ECF No. 1-1, ¶29.** BCBP was also "awarded the right and responsibility for charging reasonable tolls *at the appropriate time* to cover the costs of renovation, future maintenance, and operation." *Id.,* **¶30.** As part of this bargain, BCBP would be permitted to start collecting tolls after hitting a key defined milestone called "Completion." Section 16 of the CLA defined "Completion" as occurring when BCBP "substantially complete[d] the upgrade, modernization and all rehabilitation work on the Independence Bridge in accordance with this Lease" so as "be continuously open and operational for use by the public for highway purposes, 24 hours a day, in the ordinary course for thirty consecutive (30) days." **ECF No. 1-1,**

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

2

**PageID.52 (§ 16).** Section 18 is explicit that "[n]otwithstanding anything to the contrary in this Lease, no tolls shall be charged for using or crossing the Independence Bridge until <u>*after*</u>" inter alia "the Completion has occurred." ***Id.,*** **PageID.52 (§ 18).**

This suit alleges (and it is practically public knowledge for everyone from or traveling through Bay City) that BCBP has "failed to provide an operational bridge" that operates 24 hours a day. **ECF No. 1-1, ¶41.** There have been regular and ongoing closures. ***Id.,*** **¶¶42-65.** Plaintiffs alleged "additional closures are scheduled and expected." ***Id.,*** **¶66.** Just after this lawsuit was filed, BCBP confirmed more closures—



BCBP Facebook Post, https://www.facebook.com/share/p/1ERFcUt8xt/. In short, there has not been "Completion." **ECF No. 1-1, ¶75.** There has not been completion because major work is still underway.

Nevertheless, BCBP announced on January 1, 2025 it was commencing toll collection and has done so. ***Id.,*** **¶76.** BCBP also announced

3

it was sua sponte increasing the price for certain tolling arrangements contrary to the Concession and Lease Agreement. However, just prior to this lawsuit being filed, BCBP suspended that price hike. BCBP Facebook Post, https://www.facebook.com/share/p/1ERFcUt8xt/.

This class action complaint was filed on March 4, 2025. On April 1, 2025, BCBP removed the entire action to this Court. **ECF No. 1**. Emails were exchanged after BCBP's counsel made their appearances. Plaintiffs assert that the federal court lacks jurisdiction under the exceptions to the Class Action Fairness Act. To that end, Plaintiffs' counsel requested that BCBP voluntarily produce a certified electronic copy of the names, addresses, and full contact information of members of the putative class, i.e., all charged non-Bay City, Michigan residents[1] and drivers who have crossed the Independence Bridge and paid any toll or purchased an unlimited pass from BCBP. This is the defined putative class. **ECF No. 1-1, PageID.30 (¶87).** Plaintiffs' counsel also requested the corresponding dates of crossing and the amounts charged. With that data, Plaintiffs will seek to remand this case back to the state court where it belongs. Counsel for BCBP expressly declined to provide the same. This motion now follows.

---

[1] Under the CLA, Bay City residents cannot begin to be charged until at least 2028.

4

**MEMORANDUM OF LAW / ARGUMENT**

Federal courts are courts of limited jurisdiction. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). "Unlike state trial courts, they do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id.* "When a party opts to file a complaint in state court, the federal courts must honor that choice unless Congress has authorized removal of the case." *Id.*

Here, BCBP did not respect that choice and instead seeks removal by invoking the Class Action Fairness Act, which authorizes federal courts to assume jurisdiction of class action cases when the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and the class action has minimal diversity. 28 U.S.C. § 1332(d)(2). However, a district court "shall decline to exercise jurisdiction" over removed class actions in certain case-specific circumstances. One is the home state exception, which results in a lack of federal jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants[2], are citizens of the State in which the action was

---

[2] UBP Bay City LLC is a Delaware limited liability company with its primary place of business located at 300 Center Ave, Suite 101, Bay City, Michigan 48708. The City of

5

originally filed." 28 U.S.C. § 1332(d)(4)(B). Another "shall" exception to federal jurisdiction is when—

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant —
>
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>
>> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

"If these four elements are present" under the local controversy exception, "the district court _must_ abstain from hearing the case, despite having jurisdiction under § 1332(d)(2)." *Mason v. Lockwood, Andrews & Newnam, PC*, 842 F.3d 383, 387 (6th Cir. 2016).

---

Bay City is a municipal entity with its primary place of business located at 301 Washington Avenue, Bay City, Michigan 48708.

6

Congress also provided discretion for this Court to decline federal jurisdiction under 28 U.S.C. § 1332(d)(3) when two preliminary conditions are met: (1) greater than one-third but less than two-thirds of the aggregate members are citizens of the state in which the class action was originally filed; and (2) the primary defendants are citizens of the state in which the class action was originally filed. 28 U.S.C. § 1332(d)(3).

Finally, because this case involves fees involuntarily collected for use of a publicly-owned bridge on a public roadway, the state action exception might also apply. 28 U.S.C. § 1332(d)(5)(A). This is because the Independence Bridge is owned by the City of Bay City and BCBP is merely an assignee of the public rights controlled by the City thereby making BCBP an "other" governmental entity for purposes of CAFA.

Because this case is about the use of a local traffic bridge in Bay City, Michigan, Plaintiffs firmly believe that this Court lacks CAFA jurisdiction and seeks out the needed materials – held solely by BCBP – to establish its contentions. A remand will be sought. When seeking remand under an exception to CAFA, Plaintiffs bears the burden of establishing each element of the exception by a preponderance of the evidence. *Mason,* 842 F.3d at 388. To meet that burden, discovery of information and data held by a party-opponent is needed. "District courts have discretion to decide whether

7

jurisdictional discovery is needed." *Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570, 2023 U.S. App. LEXIS 843, 2023 WL 165961, at *1 (6th Cir. Jan. 12, 2023) (citing *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018)). Providing "limited discovery to address the jurisdictional issues involved" is "within [this Court's] discretion." *Hohman*, 894 F.3d at 781. District courts routinely do so in CAFA jurisdictional challenges. E.g. *Wilson v. PBI Bank, Inc.*, No. 1:11-CV-19, 2011 U.S. Dist. LEXIS 39675, at *11 (W.D. Ky. Apr. 12, 2011); *Hale v. N. Broward Hosp. Dist.*, No. 22-cv-60362-WPD, 2023 U.S. Dist. LEXIS 68546, at *10 (S.D. Fla. Mar. 28, 2023). Such information was voluntarily sought from BCBP and it was expressly refused. The data and information sought is needed for three reasons: 1.) to formally establish whether BCBP has met the $5 million in controversy requirement; 2.) to establish whether CAFA's discretionary exception to jurisdiction at 28 U.S.C. § 1332(d)(3) is implicated; and 3.) to establish whether the home state or local controversy exceptions to CAFA apply and jurisdiction "shall" be "decline[d]." At the same time as Plaintiffs plan to file their motion to remand, it will also address the state action exception, 28 U.S.C. § 1332(d)(5)(A), in due course.

8

## CONCLUSION / RELIEF REQUESTED

It is unclear if this Court must decline jurisdiction or otherwise has the discretion to decline jurisdiction to otherwise sustain this case in this Court of limited jurisdiction. To know, early accelerated jurisdictional discovery is necessary. Leave to pursue such is requested and required before this Court can take up any substantive-merit decisions in this case. The Court is requested to enter an order to authorize such reasonable discovery.

Date: April 2, 2025

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

GARSKE HEWITT PLC
MATTHEW B. HEWITT
505 S. Euclid Ave
Bay City, MI 48706
(989) 355-0100
matthewitt@garskelaw.com

*Counsel for Plaintiffs & Proposed Class*

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: April 2, 2025

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

*Counsel for Plaintiffs & Proposed Class*