# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

WILLIAM HOWARD, et al,
    Plaintiffs,

v.

UBP BAY CITY, LLC, et al
    Defendants
_____/

Case No.: 25-cv-10926
Honorable Mark A. Goldsmith

**MOTION**

**\*\* CLASS ACTION \*\***

| | |
|---|---|
| GARSKE HEWITT PLC<br>MATTHEW B. HEWITT<br>Counsel for Plaintiffs & Pro'd Class<br>505 S. Euclid Ave<br>Bay City, MI 48706<br>(989) 355-0100<br>matthewitt@garskelaw.com | WARNER NORCROSS + JUDD<br>JONATHAN E. LAUDERBACH<br>Counsel for City of Bay City<br>715 E Main St, Suite 110<br>Midland, MI 48640<br>989.698.3701<br>jlauderbach@wnj.com |
| OUTSIDE LEGAL COUNSEL PLC<br>PHILIP L. ELLISON<br>Counsel for Plaintiffs & Pro'd Class<br>PO Box 107<br>Hemlock, MI 48626<br>(989) 642-0055<br>pellison@olcplc.com | MORGAN, LEWIS & BOCKIUS LLP<br>MICHAEL W. FAKHOURY<br>ELIZABETH B. HERRINGTON<br>MOHAMED AWAN<br>Counsel for UBP Bay City, LLC<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606<br>(312) 324-1445<br>michael.fakhoury@morganlewis.com<br>beth.herrington@morganlewis.com<br>michael.awan@morganlewis.com |
| HICKEY HAUCK BISHOFF<br>JEFFERS & SEABOLT, PLLC<br>BENJAMIN W. JEFFERS<br>Counsel for UBP Bay City, LLC<br>One Woodward Ave, Suite 2000<br>Detroit, MI 48226<br>(313) 964-8600<br>bjeffers@hhbjs.com | MORGAN, LEWIS & BOCKIUS LLP<br>MICHAEL J. ABLESON<br>Counsel for UBP Bay City, LLC<br>101 Park Avenue<br>New York, NY 10178<br>(212) 309-6000<br>michael.ableson@morganlewis.com |

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

1

**MOTION FOR RECONSIDERATION**

NOW COME Plaintiffs, by counsel, and move for reconsideration of the Court's order directing merits briefing to proceed without first resolving the threshold issue of subject-matter jurisdiction and without permitting narrowly tailored jurisdictional discovery. See **ECF No. 32, PageID.597-598**. The Sixth Circuit has explained that a district court taking this path without justification is reversible error. *Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570, 2023 U.S. App. LEXIS 843, 2023 WL 165961 (6th Cir. Jan. 12, 2023). Reconsideration is warranted under Local Rule 7.1(h) because the Court's directive is inconsistent with *Cooper* and rests on:

1. A palpable defect, i.e., the Court permitted merits briefing to proceed before jurisdictional facts necessary to determine whether federal jurisdiction exists under CAFA can be obtained or evaluated; and

2. That defect has a direct and material impact, i.e., this Court may lack power to adjudicate the case at all.

Concurrence to the relief sought in this motion was presented to opposing counsel and the relief was not granted by at least Defendant at the time of filing. See E.D. Mich. LR 7.1(a). For the reasons outlined, the Court is requested to grant reconsideration and provide reasonable jurisdictional-

based discovery so that a proper motion to remand can be filed in due course. If the Court believes otherwise, compliance with *Cooper* is alternatively requested.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## ISSUE(S) PRESENTED

Should the Court grant reconsideration of its decision implicitly declining to provide jurisdictional discovery, while not addressing the reasons for denying the same contrary to the teachings of *Cooper*?

Answer:
Yes

## MOST CONTROLLING AUTHORITY

*Cooper v. Glen Oaks Healthcare LLC*, No. 22-5570,
2023 U.S. App. LEXIS 843, 2023 WL 165961 (6th Cir. Jan. 12, 2023)

**BRIEF IN SUPPORT**

Federal courts are courts of limited jurisdiction. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). They may act only when Congress authorizes it, and federal judges are obligated to determine their own power <u>*before*</u> taking any step on the merits.

"When a party opts to file a complaint in state court, the federal courts must honor that choice unless Congress has authorized removal of the case." *Id.* Plaintiffs previously moved for early discovery to establish whether CAFA's "home-state," "local controversy," "discretionary," and "state-action" exceptions require remand back to state court. **ECF No. 12**. Plaintiffs cannot carry their burden under Sixth Circuit precedent without the basic class-membership and toll-collection data held exclusively by UBP Bay City LLC. See **ECF No. 12, PageID.294-305**. Defendants refused to provide that information voluntarily.

While the motion for jurisdictional discovery remains formally not-terminated on the docket (see **ECF No. 12**), the Court's recent directive requiring Plaintiffs to brief the merits of Defendants' motions to dismiss before jurisdictional issues are resolved (**ECF No. 32**) is inconsistent with Sixth Circuit directives and, respectfully, creates a structural sequencing problem. Federal trial courts, as limited jurisdiction courts, should never

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

1

decide the merits until it first determines whether it possesses jurisdiction to decide anything at all. This is the essence of palpable error.

## BACKGROUND

Under the *Concession and Lease Agreement* (the CLA), BCBP was granted a 75-year tolling concession by Defendant CITY OF BAY CITY in exchange for BCBP assuming responsibility for rehabilitating and modernizing the Independence Bridge to ensure long-term usability by everyone. **ECF No. 1-1, ¶29.** BCBP was also "awarded the right and responsibility for charging reasonable tolls *at the appropriate time* to cover the costs of renovation, future maintenance, and operation." *Id.*, **¶30.** As part of this bargain, BCBP would be permitted to start collecting tolls after hitting a key defined milestone called "Completion." Section 16 of the CLA defined "Completion" as occurring when BCBP "substantially complete[d] the upgrade, modernization and all rehabilitation work on the Independence Bridge in accordance with this Lease" so as "be continuously open and operational for use by the public for highway purposes, 24 hours a day, in the ordinary course for thirty consecutive (30) days." **ECF No. 1-1, PageID.52 (§ 16).** Section 18 is explicit that "[n]otwithstanding anything to the contrary in this Lease, no tolls shall be charged for using or crossing the

2

Independence Bridge until *after*" inter alia "the Completion has occurred." *Id.,* **PageID.52 (§ 18).**

This suit alleges that BCBP "failed to provide an operational bridge" that operates 24 hours a day. **ECF No. 1-1, ¶41.** There had been regular and ongoing closures. *Id.,* **¶¶42-65.** Plaintiffs alleged "additional closures are scheduled and expected." *Id.,* **¶66.** Nevertheless, BCBP announced on January 1, 2025 it was commencing toll collection and has done so. *Id.,* **¶76.** BCBP also announced it was unilaterally increasing the price for certain tolling arrangements contrary to the Concession and Lease Agreement. However, just prior to this lawsuit being filed, BCBP suspended that price hike.

This class action complaint was filed on March 4, 2025. On April 1, 2025, BCBP removed the entire action to this Court. **ECF No. 1**. Plaintiffs assert that the federal court lacks jurisdiction including inter alia under exceptions to the Class Action Fairness Act. To that end, Plaintiffs' counsel requested that BCBP voluntarily produce a certified electronic copy of the names, addresses, and full contact information of members of the putative class, i.e., all charged non-Bay City, Michigan residents[1] and drivers who have crossed the Independence Bridge and paid any toll or purchased an

---

[1] Under the CLA, Bay City residents cannot begin to be charged until at least 2028.

3

unlimited pass from BCBP. This is the defined putative class. **ECF No. 1-1, PageID.30 (¶87).** Plaintiffs' counsel also requested the corresponding crossing dates and the amounts charged. With that data, the Court can decide if this case jurisdictionally belongs within the state court.

## MEMORANDUM OF LAW / ARGUMENT

### I. Proceeding to merits briefing without first resolving jurisdiction is a palpable defect.

The Court's order directs the parties to proceed with merits briefing on the pending motions to dismiss, i.e., setting a schedule for responses and replies. The Court did not expressly address the discovery requested for the jurisdictional challenge. See **ECF No. 12**. The Court's current sequence assumes, implicitly, that the case may move forward on the merits while the existence and scope of subject-matter jurisdiction remains unresolved. Respectfully, that is the defect.

This case arrived in federal court by way of removal from state court under the Class Action Fairness Act. **ECF No. 1.** CAFA's grant of jurisdiction is intentionally circumscribed by multiple exceptions that are not abstract legal questions but factual inquiries about who is in the putative class, where they live, how the injuries were incurred, and the nature and citizenship of the defendants. Plaintiffs have already explained that these jurisdictional facts lie almost entirely in the possession of UBP Bay City, LLC, i.e., the

4

electronic data revealing the identities and addresses of toll payers, the amounts collected, and the distribution of class members by citizenship. Without that information, Plaintiffs cannot carry their burden under Sixth Circuit authority to show whether CAFA's home-state, local-controversy, discretionary, or state-action exceptions require this Court to decline jurisdiction.

The Class Action Fairness Act authorizes federal courts to assume jurisdiction of class action cases when the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs" and the class action has minimal diversity. 28 U.S.C. § 1332(d)(2). However, a district court "*shall* decline to exercise jurisdiction" over removed class actions in certain case-specific circumstances. One is the home state exception, which results in a lack of federal jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants[2], are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Another "shall" exception to federal jurisdiction is the local controversy, i.e., when—

(I) greater than two-thirds of the members of all proposed plaintiff

---

[2] UBP Bay City LLC is a Delaware limited liability company with its primary place of business located at 300 Center Ave, Suite 101, Bay City, Michigan 48708. The City of Bay City is a municipal entity with its primary place of business located at 301 Washington Avenue, Bay City, Michigan 48708.

5

classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant —

(aa) from whom significant relief is sought by members of the plaintiff class;

(bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

(cc) who is a citizen of the State in which the action was originally filed; and

(III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

(ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

"If these four elements are present" under the local controversy exception, "the district court _must_ abstain from hearing the case, despite having jurisdiction under § 1332(d)(2)." *Mason v. Lockwood, Andrews & Newnam, PC*, 842 F.3d 383, 387 (6th Cir. 2016).

Congress also provided discretion for this Court to decline federal jurisdiction under 28 U.S.C. § 1332(d)(3) when two preliminary conditions are met: (1) greater than one-third but less than two-thirds of the aggregate members are citizens of the state in which the class action was originally filed; and (2) the primary defendants are citizens of the state in which the

6

class action was originally filed. 28 U.S.C. § 1332(d)(3).

Finally, because this case involves fees involuntarily collected for use of a publicly-owned bridge on a public roadway, the state action exception might also apply. 28 U.S.C. § 1332(d)(5)(A).

CAFA's exceptions purposely prevent federal takeover of purely local disputes.  Because this case is about the local use of a local bridge in Bay City, Michigan, this Court likely lacks CAFA jurisdiction and Plaintiffs seek out the needed materials – held solely by BCBP – to establish the same. Under *Cooper*, a district court <u>must</u> explain any denial of jurisdictional discovery, and failure to explain the denial is itself reversible error. *Cooper*, 2023 U.S. App. LEXIS 843 at *1. This Court did not address these issues, much less explain the basis of any denial. Instead, it simply ordered merits briefing. **ECF No. 32, PageID.597**.

By directing Plaintiffs to brief the substantive motions to dismiss now, the Court has effectively placed the cart before the horse. Federal courts possess no roving commission to offer advisory views on the merits of disputes that may lie outside their jurisdiction. A ruling on the sufficiency of the Complaint under Rule 12(b)(6) presupposes that the Court has the power to decide the case in the first instance. If the jurisdictional facts, once revealed in full, demonstrate that CAFA requires abstention or that one of

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

7

the mandatory exceptions apply, then every ounce of effort expended on the merits will have been unnecessary. More importantly, any merits ruling issued without jurisdiction is void.

This is not a matter of docket management or sequencing preference; it is a structural constitutional constraint. Where jurisdiction turns on facts uniquely held by the removing defendant and the plaintiff has made a good-faith showing of why those facts may support a statutory exception, insisting on merits briefing before allowing limited jurisdictional discovery undermines the jurisdiction-first principle that governs federal courts. The denial or effective postponement of jurisdictional discovery, coupled with a requirement to brief the merits, is therefore a palpable defect within the meaning of Local Rule 7.1(h), and it materially affects the course and legitimacy of this litigation.

II. **Sixth Circuit precedent requires jurisdictional discovery when jurisdictional facts are disputed and held exclusively by the defendant.**

Our Circuit precedents have already spoken to this problem. In *Cooper*, the Sixth Circuit recognized that district courts have discretion to allow jurisdictional discovery when the existence of jurisdiction turns on facts that are not yet in the record and that are held by one side. And more importantly, "to receive deference, a district court still must explain its ruling"

8

in denying jurisdictional discovery. 2023 U.S. App. LEXIS 843. *Cooper* vacated a dismissal where the plaintiff had been denied access to information necessary to establish jurisdiction. The Court explained that when jurisdictional facts are genuinely in dispute, refusing discovery itself constitutes reversible error. *Id.* Both not deciding and not explaining the denial of jurisdictional discovery constitute an abuse of discretion under *Cooper*.

Those same conditions are present here. Plaintiffs have identified specific CAFA exceptions and articulated how they likely apply to a local tolling class action centered on a municipal bridge used primarily by Bay City and surrounding residents. Plaintiffs have also specified the precise data needed to resolve the issue: the names and addresses of class members, the pattern and volume of toll collections, and the composition of the putative class by citizenship and location.

Defendants have refused to provide that information voluntarily. Plaintiffs are therefore left in the untenable position of bearing the burden of proving an exception to CAFA while being denied access to the only evidence that can satisfy that burden.

Under *Cooper*, this is exactly the situation in which jurisdictional discovery should be permitted before the court entertains dispositive merits

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

motions. Sixth Circuit law does not permit a defendant to remove a case, resist all jurisdictional challenges, and then insist that the court decide the merits first. The proper course is to authorize targeted, limited discovery directed to the CAFA jurisdictional facts and to resolve the remand issue promptly thereafter. Anything less risks wasting judicial resources and invites an appellate court to revisit the matter later with the benefit of a record that should have been developed at the outset.

## CONCLUSION / RELIEF REQUESTED

For the reasons set forth above, Plaintiffs respectfully request that the Court revisit its earlier directive and restore the proper sequence required by federal jurisdictional principles. Plaintiffs ask that the Court grant reconsideration, acknowledge that the ability to determine subject-matter jurisdiction depends on facts held exclusively by Defendants, and permit narrowly tailored jurisdictional discovery so that the threshold CAFA issues may be resolved before the parties engage in substantive merits briefing. If the Court declines to do so, it is requested to provide its basis as required by *Cooper*.

10

| | |
|---|---|
| Date: November 26, 2025 | RESPECTFULLY SUBMITTED: |
| | /s/ Philip L. Ellison |
| GARSKE HEWITT PLC | OUTSIDE LEGAL COUNSEL PLC |
| MATTHEW B. HEWITT | PHILIP L. ELLISON |
| 505 S. Euclid Ave | PO Box 107 |
| Bay City, MI 48706 | Hemlock, MI 48626 |
| (989) 355-0100 | (989) 642-0055 |
| matthewitt@garskelaw.com | pellison@olcplc.com |

*Counsel for Plaintiffs & Proposed Class*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

11

## LOCAL RULE CERTIFICATION

I, Philip L. Ellison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: November 26, 2025             RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

*Counsel for Plaintiffs & Proposed Class*