

# Cooper v. Glen Oaks Healthcare LLC

United States Court of Appeals for the Sixth Circuit

January 12, 2023, Filed

File Name: 23a0027n.06

Case No. 22-5570

**Reporter**
2023 U.S. App. LEXIS 843 *; 2023 FED App. 0027N (6th Cir.); 2023 WL 165961

MARY ELIZABETH COOPER, Plaintiff-Appellant, v. GLEN OAKS HEALTHCARE LLC, dba Viviant Healthcare of Shelbyville, fka Glen Oaks Health and Rehabilitation; and VIVIANT CARE MANAGEMENT LLC, Defendants-Appellees.

**Notice:** CONSULT 6TH CIR. R. 32.1 FOR CITATION OF UNPUBLISHED OPINIONS AND DECISIONS.

**Prior History:** [*1] ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE.

**Counsel:** For MARY ELIZABETH COOPER, Plaintiff - Appellant: Benjamin James Miller, Law Office, Nashville, TN; Sarah Lynne Martin, Higgins Law, Nashville, TN.

ForGLEN OAKS HEALTHCARE LLC, VIVIANT CARE MANAGEMENT LLC, Defendants - Appellees: Bryant C. Witt, Madison C. Bryant, Hall Booth Smith, Nashville, TN.

**Judges:** Before: GRIFFIN, WHITE, and THAPAR, Circuit Judges.

**Opinion by:** THAPAR

## Opinion

THAPAR, Circuit Judge. Without adequate explanation or addressing a pending discovery motion, the district court dismissed this case for lack of diversity jurisdiction. We vacate and remand.

After she sustained an injury while in their care, Mary Elizabeth Cooper sued Glen Oaks Healthcare LLC ("Glen Oaks") and Viviant Care Management in federal court. Invoking diversity jurisdiction, Cooper alleged that she is a Tennessee citizen and that both defendants are citizens of New York. *See* 28 U.S.C. § 1332.

Defendants challenged Cooper's citizenship allegations. As a limited liability company ("LLC"), Glen Oaks shares the citizenship of its members and sub-members. *Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022). Cooper alleged that Glen Oaks's sole member is Samuel Goldner, a citizen of New York. However, defendants [*2] contended that Glen Oaks's sole member is BTGO Healthcare Holdings, LLC ("BTGO"). And BTGO, they say, is a citizen of Tennessee because one

of its members is a Tennessee citizen. Defendants backed that assertion with two affidavits and moved to dismiss for lack of subject-matter jurisdiction.

Cooper opposed. Although she conceded that BTGO is a Tennessee citizen, Cooper continued to argue that Samuel Goldner is Glen Oaks's sole member and submitted paperwork from the Tennessee Secretary of State supporting her claim. She also moved for jurisdictional discovery. The district court held a hearing, declined to rule on the motions, and asked defendants to submit additional documents. So defendants filed BTGO's LLC Agreement and several papers showing BTGO's membership and a financial relationship between BTGO and Glen Oaks. Shortly thereafter, the district court dismissed the suit in a one-page order. The order did not address Cooper's discovery motion or discuss her submissions.

The district court's order is too brief to allow for appellate review. First, the order makes no mention of the motion for jurisdictional discovery. District courts have discretion to decide whether jurisdictional [*3] discovery is needed. *Hohman v. Eadie*, 894 F.3d 776, 781 (6th Cir. 2018). But to receive deference, a district court still must explain its ruling. *C.H. ex rel. Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (holding that a court abuses its discretion when it denies jurisdictional discovery arbitrarily); *see, e.g.*, *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (A court abuses its discretion when it "fails to explain its reasoning adequately."). For example, courts may—and typically do—consider the likely usefulness of the requested discovery, the moving party's diligence, or the opposing party's cooperativeness. *See, e.g.*, *C.H. ex rel. Shields*, 818 F. App'x at 484; *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). Here, though, the district court failed to address the plaintiff's motion at all.

Second, the order doesn't adequately explain its rationale for dismissal. The record contains a factual dispute about whether jurisdiction exists. *Compare* R. 24; R. 24-1, Pg. ID 267; *and* R. 24-2, Pg. ID 274, *with* R. 25; R. 29; R. 31; *and* R. 34. When such a dispute exists, a district court may weigh evidence and make factual findings. *See Amburgey v. United States*, 733 F.3d 633, 636 (6th Cir. 2013). But the district court made no findings, and if it weighed evidence, it does not say. Instead, it merely dismissed the action without addressing Cooper's submissions or reconciling them with the defendants' filings.

Accordingly, we vacate and remand for further proceedings.

---

End of Document