OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

WILLIAM HOWARD, et al,
Plaintiffs,

v.

UBP BAY CITY, LLC, et al
Defendants
_______________________________/

Case No.: 25-cv-10926
Hon. Mark A. Goldsmith

**MOTION**

**** CLASS ACTION ****

GARSKE HEWITT RODENBO PLC
MATTHEW B. HEWITT
Counsel for Plaintiffs & Pro'd Class
505 S. Euclid Ave
Bay City, MI 48706
(989) 355-0100
matthewitt@ghr.law

OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON
Counsel for Plaintiffs & Pro'd Class
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

DAVID C. ANDERSON
JEFFREY R. HICKS
COLLINS EINHORN FARRELL PC
Counsel for Defendant UBP Bay City
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
david.anderson@ceflawyers.com
jeffrey.hicks@ceflawyers.com

---

**MOTION TO REINSTATE COUNT VI OF THE REMOVED COMPLAINT**

NOW COME Plaintiffs and respectfully move pursuant to Rule 54(b) of the Federal Rules of Civil Procedure[1] for limited revision of this Court's March

[1] Rule 60(b) is not the appropriate vehicle because the Court's March 31, 2026 Order is interlocutory, not final. The Order dismissed Counts I, II, VI, and VII, but expressly left Counts III, IV, and V pending. Rule 60(b) provides relief from a *final* judgment, order, or proceeding and therefore does

31, 2026 Order to reinstatement of Count VI of the Complaint removed to this Court, alleging violation(s) of the *Michigan Consumer Protection Act*, MCL 445.901 et seq. Concurrence was sought from opposing counsel via a meet-and-confer, and was later denied after consideration.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

---

not govern revision of an interlocutory order that leaves claims unresolved. Instead, Rule 54(b) governs because it expressly permits revision of an order adjudicating fewer than all claims at any time before entry of final judgment. Additionally, "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment." *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). The intervening change in controlling Michigan law supplied by *Attorney General v. Eli Lilly & Co.* therefore is properly presented.

## ISSUE(S) PRESENTED

Whether the Court should revise its March 31, 2026 interlocutory order under Rule 54(b) and its inherent authority to reinstate Count VI in light of the Michigan Supreme Court's intervening decision in *Attorney General v. Eli Lilly & Co.*, which overruled the precedent that previously required dismissal of Plaintiffs' Michigan Consumer Protection Act claim.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## MOST CONTROLLING AUTHORITY

FRCP 54(b)

*Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)

*Attorney General v. Eli Lilly & Co.*, No. 165961, __ Mich __ (2026).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## BRIEF IN SUPPORT

Defendant UBP BAY CITY, LLC ("BCBP") averred to the drivers of Michigan's Bay region, who rely on the Independence Bridge, that tolling would not begin until the bridge reached "Completion," i.e., open twenty-four hours a day for thirty uninterrupted days. However, Plaintiffs and putative class—all bridge-using nonresidents of Bay City—were tolled before the bridge was at Completion. BCBP shut the bridge repeatedly—overnight, on weekdays, on weekends—during the very period it claimed counted as being "completed." It doubled the price of the unlimited-use plan and then eliminated the promised plan entirely. And it did all of this while assuring that everything was "on schedule" and "completed," even as residents were stranded on the opposite side of the river and commuters were rerouted for days and weeks on end. Having pocketed the toll money, BCBP now insists it does not owe anything for those it illegally tolled.

The remaining claims survived dismissal. One of the claims brought by Plaintiffs was violation(s) of the Michigan Consumer Protection Act. When the Court dismissed Count VI, the controlling Michigan precedent required a broad application of the exemption contained in MCL 445.904(1)(a). Count VI did not survive at the time—not because the allegations failed to describe potentially deceptive conduct, but because then-controlling Michigan

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

precedent broadly exempted the underlying regulated transaction from the MCPA. Plaintiffs fully acknowledged that dismissal was then required, while specifically advising the Court that the Michigan Supreme Court was considering whether that precedent should remain controlling. This Court expressly recognized that circumstance in its March 31 Order, stating that Plaintiffs agreed dismissal was "currently required," but noting that the result "could change" depending upon the pending Michigan Supreme Court case.

That change has now occurred. On July 31, 2026, the Michigan Supreme Court decided *Attorney General v. Eli Lilly & Co.*, No. 165961, __ Mich __ (2026) (available at http://olcplc.com/s/ZmKH). It expressly overruled *Smith v. Globe Life Insurance Co.*, 460 Mich 446; 597 NW2d 28 (1999), and *Liss v. Lewiston-Richards, Inc.*, 478 Mich 203; 732 NW2d 514 (2007), rejecting the long-held broad construction of MCL 445.904(1)(a) that had previously insulated regulated businesses from many MCPA claims. The Court instead held that the exemption is narrow and that the relevant inquiry is whether "the specific transaction or conduct at issue, rather than the general transaction, is authorized by law."

That intervening decision changes the governing law underlying dismissal of Count VI. Plaintiffs therefore request that the Court revise its

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

interlocutory March 31 Order solely as to Count VI and restore that claim to the action.

## ARGUMENT

### I. The March 31 Order remains interlocutory and may be revised under Rule 54(b).

The March 31 Order dismissed some claims but allowed Plaintiffs' express-contract, implied-contract, and unjust-enrichment claims to continue. Specifically, the Court denied UBP's motion to dismiss Counts III, IV, and V. No final judgment adjudicating all claims and all parties' rights and liabilities has therefore been entered.

Inherent authority exists to “reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.” *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). But more specifically, Rule 54(b) provides that an order adjudicating fewer than all claims “may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.” Fed. R. Civ. P. 54(b). The Sixth Circuit recognizes that district courts possess broad authority “both under common law and Rule 54(b)” to reconsider interlocutory rulings and that reconsideration is appropriate where there has been an intervening change of controlling law. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App’x 949, 959 (6th Cir. 2004). This case presents exactly that circumstance.

## II. *Eli Lilly* is an intervening change in controlling Michigan law.

Count VI alleges that UBP engaged in unfair, deceptive, and unlawful business practices by, among other things, charging tolls before it was contractually entitled to do so, advertising and selling an unlimited-pass arrangement that was not provided as represented, and misleading consumers concerning bridge access and tolling. The Complaint alleges, for example, that UBP misrepresented the benefits of its unlimited toll pass, failed to provide the advertised service after accepting payment, charged tolls before contractual completion of the Independence Bridge, and caused confusion concerning bridge access.

When the Court considered UBP's motion to dismiss, *Smith* and *Liss* controlled the meaning of MCL 445.904(1)(a). Under those decisions, the exemption broadly applied when the defendant's general transaction was authorized by law, even where the particular misconduct alleged by the plaintiff was not authorized. Accordingly, Plaintiffs acknowledged that then-existing precedent required dismissal.

The Court expressly recorded the contingent nature of that concession, stating "Plaintiffs agree that dismissal of this claim is currently required, but they note that that could change as there is currently a case pending before the Michigan Supreme Court that would alter this result." **ECF No. 38,**



OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

**PageID.706**. The Michigan Supreme Court has now decided that case, and its holding eliminates the legal basis upon which Count VI was dismissed.

In *Attorney General v. Eli Lilly & Co.*, Michigan's highest state court held that *Smith* and *Liss* were wrongly decided because they improperly transformed the statutory exemption into a broad immunity for regulated industries. The Court held instead that MCL 445.904(1)(a) is a narrow exemption and instructed courts to identify the specific transaction or conduct challenged under the MCPA and determine whether that conduct itself is specifically authorized by law.

Because Count VI is a state-law substantive claim, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) requires the federal court to apply Michigan substantive law as declared by the Michigan Supreme Court. Once *Eli Lilly* changed the governing interpretation of MCL 445.904(1)(a), federal courts must follow the state's highest court on questions of state substantive law. Thus, the legal rule upon which the Court acted no longer exists.

## III. UBP's alleged conduct is not rendered exempt merely because bridge tolling itself is authorized.

The distinction announced in *Eli Lilly* is decisive here. Plaintiffs do not allege merely that UBP operates a toll bridge. Nor does Count VI contend that charging any toll authorized by law constitutes an MCPA violation. The challenged conduct is considerably more specific.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

Plaintiffs allege that UBP represented that consumers purchasing an unlimited subscription would receive unlimited bridge crossings; accepted consumers' money on that basis; restricted the promised access through extensive bridge closures; charged tolls before the contractual conditions allowing toll collection had occurred; changed the unlimited-pass arrangement after inducing consumers to participate; and otherwise misrepresented the nature, availability, and cost of the tolling service.

Indeed, the Court has already held that substantially the same alleged conduct plausibly supports Plaintiffs' surviving contract and equitable claims. As to the express contract claim, the Court held that Plaintiffs plausibly alleged that "unlimited passage was promised to those who paid for unlimited passes," with the subscription fee constituting consideration and restricted access constituting the alleged breach. The Court likewise held that Plaintiffs' implied-contract theory—that consumers paid for continuous, reliable access—was plausible at the pleading stage. And the Court rejected as "not a serious argument" UBP's contention that consumers suffered no cognizable injury because they received some bridge passage after paying for access allegedly promised on a broader basis.

After *Eli Lilly*, the fact that state law authorizes UBP to operate a toll facility does not answer whether these specific allegedly deceptive practices

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

are themselves specifically authorized by law.

Nothing identified in the present record specifically authorizes UBP to misrepresent the terms of a toll subscription, collect money for services it does not provide as represented, or engage in the other deceptive practices alleged in Count VI. Accordingly, MCL 445.904(1)(a) no longer supplies a basis for dismissal at the pleading stage.

## IV. Reinstatement rather than a new lawsuit or duplicative pleading is the appropriate remedy.

Reinstatement promotes judicial economy. The parties are already litigating the same underlying transactions through Counts III, IV, and V. The MCPA claim arises from the same advertisements, subscriptions, toll payments, bridge closures, and representations already at issue in those surviving counts. Restoring Count VI therefore adds no unrelated factual controversy and requires no restart of this litigation. It merely permits the existing case to proceed under the controlling law that now governs it.

Nor does reinstatement unfairly prejudice UBP. The MCPA theory has been pleaded since the inception of this action. UBP has known precisely what conduct Plaintiffs contend violates the Act. The intervening change in law occurred only on July 31, 2026, and Plaintiffs seek relief promptly thereafter.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## CONCLUSION / RELIEF REQUESTED

Plaintiffs need not establish at this stage that each challenged practice ultimately violates the MCPA. The point is narrower: after *Eli Lilly*, UBP's generalized authority to conduct tolling no longer supplies the exemption that required dismissal of Count VI. And Plaintiffs did not abandon Count VI on its merits but instead acknowledged that controlling – but likely-changing precedent – then foreclosed the claim while expressly preserving the possibility that the Michigan Supreme Court would alter that improper precedent. And that change happened.

THEREFORE, Plaintiffs request that the Court revise its March 31, 2026 Order under Rule 54(b) to reinstate Count VI of the Complaint as pled[2] so as to permit the MCPA claim to proceed.

---

[2] Plaintiffs anticipate separately moving for leave to amend the Complaint under Rule15(a)(2) to expand Count VI in light of. *Eli Lilly*, including by pleading additional specific deceptive acts and practices under the MCPA arising from UBP's advertising, pricing representations, tolling and billing practices, omissions concerning bridge availability and toll authorization, and related consumer transactions. The present motion seeks only restoration of the previously dismissed MCPA claim in light of the intervening change in controlling Michigan law and does not ask the Court to adjudicate the sufficiency of those forthcoming additional allegations.

Date: August 31, 2026

RESPECTFULLY SUBMITTED:

/s/ Matthew B. Hewitt
GARSKE HEWITT RODENBO PLC
MATTHEW B. HEWITT
505 S. Euclid Ave
Bay City, MI 48706
(989) 355-0100
matthewitt@ghr.law

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

*Counsel for Plaintiffs & Proposed Class*

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

## LOCAL RULE CERTIFICATION

I, Philip L. Ellison, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I, the undersigned attorney of record, hereby certify that on the date stated below, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel or parties of record.

Date: August 31, 2026

RESPECTFULLY SUBMITTED:

/s/ Philip L. Ellison
OUTSIDE LEGAL COUNSEL PLC
PHILIP L. ELLISON
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

*Counsel for Plaintiffs & Proposed Class*