UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HOWARD; JASON DUEMLER; NICOLE DUEMLER; ANN DUEMLER; MICHAEL LUTZ; SHERRI HOWELL; ROCHELLE JAMMER; and MARK KOHLHORST, individually and on behalf of all others similarly situated,

Plaintiffs,

Case No. 1:25-cv-10926-MAG-PTM

vs

Hon. Mark A. Goldsmith
Magistrate Judge Patricia T. Morris

UBP BAY CITY, LLC d/b/a BAY CITY BRIDGE PARTNERS,

Defendant.

**STIPULATED PROTECTIVE ORDER**

Pursuant to the parties' Stipulation Regarding Entry of Protective Order:

**IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" under the following terms and conditions:

**1**. Any document, information, or thing may be designated "Confidential" if the producing party determines in good faith that it contains confidential or proprietary information that is entitled to protection under Federal Rule of Civil Procedure 26(c), including trade secrets, commercially sensitive information, personal identifying information (excluding putative or actual class members' contact information), or other information for which disclosure could reasonably cause harm. A party shall not designate information as "Confidential" merely because it is non-public, embarrassing, adverse to a party, or potentially useful in other litigation. However, party financial records and collective use and toll records shall be entitled to confidentiality where designated by a party.

**2**. A producing party may designate any document or other tangible information or thing as "Confidential" by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated with the document, or may place the

appropriate designation mark "CONFIDENTIAL" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

**3**. A non-producing party may also designate any document, information, or things produced during the course of this proceeding, not already designated "Confidential" as "Confidential" as if it were a producing party. A non-producing party shall also designate as "Confidential" summaries and/or statistical analysis created from records previously marked at "Confidential." The non-producing party shall accomplish such designation by notifying all parties in writing of the specific item so designated.

**4**. A producing party may designate documents, information, or things disclosed at a deposition as "Confidential" on the record during the deposition or, within 30 days of receiving the deposition transcript, by notifying all parties in writing of the specific item so designated or the lines and pages of the transcript that are "Confidential." All deposition transcripts and exhibits will be deemed Confidential for a period of 30 days after the receipt of the deposition transcript.

**a**. If a producing party designates such materials as "Confidential" on the record, the court reporter shall indicate that fact

on the cover page of the transcript that the transcript includes "Confidential" information, and shall list the pages and line numbers and/or exhibits of the transcript on or in which such information is contained, and shall bind the transcript in separate portions containing "Confidential," and non-Confidential material. Further, during the period in which such "Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under Paragraph 10 below shall be excluded from that portion of the deposition.

**b**. A non-producing party may designate documents, information, or things disclosed at a deposition as "Confidential" in the same manner as a producing party.

**5**. If a party producing documents inadvertently fails to mark a document as "Confidential" for which it desires such treatment, it shall so inform the party receiving the documents forthwith, but in no event later than thirty (30) days following discovery of the inadvertent disclosure. The receiving party thereupon shall return the unmarked documents to the producing party and the producing party shall substitute properly marked documents.

**6**. The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential," shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed, provided that the producing party making such inadvertent or unintentional disclosure notifies the receiving parties forthwith, but in no event later than thirty (30) days after it learns of such inadvertent or unintentional disclosure. If discovery material has been disclosed and is subsequently designated as "Confidential," the disclosing party shall make good faith efforts to preserve the "Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

**7**. If a producing party, at the time of disclosure, inadvertently fails to identify as "Confidential" any discovery material (including, without limitation, documents, oral, visual, or 4 recorded information) for which it desires such treatment, and another party files the material with the Court prior to receiving notice that such material was inadvertently disclosed without the desired designation, the producing party who made the

inadvertent disclosure shall be responsible for seeking appropriate relief from the Court.

**8.** Should any party object to a designation of any information, document, or thing as "Confidential," the objecting party shall provide written notice identifying the material challenged. Within seven (7) days after receiving such notice, the party asserting confidentiality shall review the challenged material and either withdraw the designation or provide the objecting party with a written statement setting forth, with specificity and completeness, each factual and legal basis upon which continued confidential treatment is claimed, including the particular interest allegedly requiring protection and the harm reasonably expected to result from disclosure.

If the objection is not resolved following that review, the party asserting continued confidential treatment shall, on an expedited basis, bring the matter before the Court and shall bear the burden of establishing good cause under Federal Rule of Civil Procedure 26(c) for continued protection. The challenged material shall remain subject to the existing designation pending the Court's determination.

If the Court determines that the challenged designation of confidentiality was unreasonable, the Court may award the challenging party its reasonable costs and attorney fees incurred in connection with the challenge, including the meet-and-confer process and any resulting motion practice, against the party that demanded continued confidential treatment, unless the Court determines that the presentation of the dispute was substantially justified or that other circumstances would make such an award unjust.

**9**. Materials designated "Confidential" under this Order shall be used solely for the purposes of this proceeding. Nothing in this Order restricts the use of information, documents, or things that are not designated "Confidential," or information independently obtained from a source other than discovery in this action.

**10**. All documents, information, or things designated as "Confidential" shall be made available to the Court and Court's staff, counsel for the parties (including the paralegal, clerical, and secretarial staff employed by such counsel in connection with this case) and the following persons:

**a**. The parties and those agents and employees that are directly involved in the prosecution or defense of this matter;

**b**. experts or consultants (together with their clerical staff) retained by the respective parties to assist in this case;

**c**. any court reporter employed in this case;

**d**. any mediator(s)

**e**. a witness at any deposition or other proceeding in this case;

**f**. a potential witness; and

**g**. any other person with the written consent of the parties (and any affected non-party producing party) or upon order of the Court.

**11**. Materials designated as "Confidential" shall not be made available to persons other than those authorized in paragraphs 9 and 10 above — even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" information must be removed before the remaining materials may be made available to those other persons.

**12**. Materials designated as "Confidential" shall not be disclosed by opposing counsel to a former employee of Plaintiff or Defendant, respectively, or to a testifying or non-testifying expert or consultant under paragraphs 9 and 10 unless and until such representative, expert, or consultant has first been supplied with and has read a copy of this Order

and has executed a copy of the Confidentiality Agreement attached as Exhibit A. Current employees of Plaintiff and Defendant are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Protective Order. Nothing in this paragraph prevents counsel from showing a witness a Confidential document where counsel reasonably believes the witness authored, received, reviewed, possessed, or has knowledge concerning the document or the subject matter reflected therein, provided that the witness is advised that the material is subject to this Protective Order.

**13**. Counsel shall maintain filed containing materials designated as "Confidential" in a secure location. This provision shall not prevent use of ESI vendor or host who restricts access to those persons permitted to review Confidential materials set forth in this Order.

**14**. No documents, information, or things designated as "Confidential," including that contained in pleadings, motions, briefs, declarations, or exhibits (except in sealed envelopes) shall be filed with the Court. Such sealed envelopes shall bear the case caption and shall recite a concise, non-disclosing inventory of their contents for docketing purposes.

Additionally, in the case of materials or information designated "Confidential," such sealed envelopes shall prominently bear the notice:

**CONTAINS CONFIDENTIAL INFORMATION**

**SUBJECT TO PROTECTIVE ORDER.**

**TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT**.

To the extent practical, only those portions of a filing with the Court that contain material designated as "Confidential" shall be filed under seal (as provided in paragraph 17) or provided to the Court for in camera inspection. The Court and its staff shall maintain all filings so designated pending further order or direction from the Court. Provided that no "Confidential" information is disclosed, the parties may generally refer to documents designated as "Confidential" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.

**15**. Nothing in this Order shall preclude any party or their attorneys from:

**a**. Showing materials designated as "Confidential" to an individual who either prepared or reviewed the document, or is shown by the document to have received the document.

**b**. Disclosing or using, in any manner or for any purpose, any information, documents, or things from the party's own files that the party itself designated as "Confidential."

**c**. Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But if a party intends to use or offer into evidence at such trial any materials designated as "Confidential," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

**d**. Redacting information from documents produced in accordance with the discovery process, including information that is irrelevant to this action and contains confidential commercial or proprietary information whose disclosure would reasonably cause competitive harm, provided that the producing party identifies the basis for each such redaction. Nothing in this sub-section limits the opposing party from challenging such designation or redactions before this Court.

**16**. If either party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" by another party, counsel for that party shall immediately give counsel for the designating party or non-party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

**17**. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" shall be destroyed at the request of the opposing party or producing party. However, counsel for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, as well as attorney work product, correspondence, expert materials, and other portions of counsel's litigation file maintained in the ordinary course, provided that any retained Confidential material remains subject to this Order. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this

paragraph. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

**18**. This Order does not authorize or permit the filing of any documents under seal — which parties may not do by stipulation. Records may only be sealed if authorized by statute, rule, or order of the Court. The party seeking to file any paper under seal must file and serve a motion under EDMI Local Rule 5.3 that (1) describes each item proposed for sealing; (2) states the reason sealing each item is necessary and identifies the specific interest to be protected; (3) explains why there is no less restrictive means to adequately and effectively protect the specific interest; and (4) includes a memorandum of legal authority supporting the motion. The movant may not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted a motion brought under EDMI Local Rule 5.3.

**19**. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the

producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered, in accordance with ABA Rules of Professional Conduct Formal Opinion 92-368 (1992). Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

**20**. The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on use of materials designated as "Confidential" that are used as exhibits at trial (unless such exhibits were used under seal or protective order at trial) , or that otherwise become part of the public judicial record without restriction.

**SO ORDERED.**

Dated: September 9, 2026
Detroit, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

STIPLATED FOR ENTRY:

/s/ Philip L. Ellison (09/05/2026)
*Counsel for Plaintiffs*

/s/ Jeffrey Hicks (09/04/2026)
*Counsel for Defendant UBP*

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

STATE OF ________________ )
) ss.
COUNTY OF ______________ )

I, _________________________, being first duly sworn, state that:

1. My address is:
_________________________________________________________

2. My present employer is ________________________ and the address of my employe is:
________________________________________________________

3. My present occupation is
_________________________________________________________

4. I have received a copy of the Stipulated Protective Order in the case of *Howard, et al. v. UBP Bay City, LLC*, Case No. 1:25-cv-10926-MAG-PTM in United States District Court for the Eastern District of Michigan

5. I submit to the jurisdiction of the United States District Court for the Eastern District of Michigan for purposes of enforcement of the Stipulated Protective Order. I have carefully read and understand the provisions of the Stipulated Protective Order, and I will comply with all of its provisions.

__________________________________

Subscribed and sworn to me before this ___ day of ___________________.

__________________________________
Notary Public

My commission expires: ____________________