UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM HOWARD; JASON DUEMLER; NICOLE DUEMLER; ANN DUEMLER; MICHAEL LUTZ; SHERRI HOWELL; ROCHELLE JAMMER; and MARK KOHLHORST, individually and on behalf of all others similarly situated,

Plaintiffs,

Case No. 1:25-cv-10926-MAG-PTM

vs

Hon. Mark A. Goldsmith
Magistrate Judge Patricia T. Morris

UBP BAY CITY, LLC d/b/a BAY CITY BRIDGE PARTNERS,

Defendant.

---

**DEFENDANT UBP BAY CITY, LLC d/b/a BAY CITY BRIDGE PARTNERS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE COUNT VI OF THE REMOVED COMPLAINT**

Defendant UBP Bay City, LLC d/b/a Bay City Bridge Partners ("UBP"), through its attorneys, Collins Einhorn Farrell PC, responds in opposition to Plaintiffs' Motion to Reinstate Count VI of the Removed Complaint and requests that this Court deny Plaintiffs' motion.

Plaintiff's motion asserts that because the Michigan Supreme Court's recent decision in *Att'y Gen. v Eli Lilly & Co.*, No. 165961, 2026 WL 2212544 (Mich. July 31, 2026) narrowed the scope of MCL 445.904(1)(a), the exemption no longer applies here and Count VI should be reinstated as a result. However, closer analysis of the *Eli Lilly* decision shows the opposite is true and the Michigan Consumer Protection Act does not apply. Further, even if this weren't the case, because the *Eli Lilly* decision overrules settled precedent, it should not be given retroactive effect or applied here.

This Court should deny Plaintiffs' motion to reinstate Count VI. In support of UBP's response, it relies on the attached brief.

BY: */s/ Jeffrey R. Hicks*
DAVID C. ANDERSON (P55258)
JEFFREY R. HICKS (P74279)
Attorneys for Defendant UBP Bay City
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

Dated: September 14, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

WILLIAM HOWARD; JASON DUEMLER; NICOLE DUEMLER; ANN DUEMLER; MICHAEL LUTZ; SHERRI HOWELL; ROCHELLE JAMMER; and MARK KOHLHORST, individually and on behalf of all others similarly situated,

Plaintiffs,

Case No. 1:25-cv-10926-MAG-PTM

vs

Hon. Mark A. Goldsmith
Magistrate Judge Patricia T. Morris

UBP BAY CITY, LLC d/b/a BAY CITY BRIDGE PARTNERS,

Defendant.

---

**BRIEF IN SUPPORT OF DEFENDANT UBP BAY CITY, LLC d/b/a BAY CITY BRIDGE PARTNERS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REINSTATE COUNT VI OF THE REMOVED COMPLAINT**

## **Table of Contents**


Index of Authorities ........ ii

Issues Presented ........ iii

Controlling Authority for Relief Sought ........ iv

Introduction and Relevant Background ........ 1

Argument ........ 2

I. The Concession and Lease Agreement specifically authorizes the conduct at issue here, making it exempt from a Michigan Consumer Protection Act claim under MCL 445.904(1)(a). ........ 2

II. Because the Eli Lilly decision overrules settled precedent, it should be given prospective, rather than retroactive, effect. ........ 4

Conclusion and Relief Requested ........ 8

Certificate of Compliance ........ 8

Certificate of Service ........ 9

# **Index of Authorities**

***Cases***

*Att'y Gen. v Eli Lilly & Co.*,
No. 165961, 2026 WL 2212544 (Mich. July 31, 2026) ............................ passim

*Att'y Gen. v. Diamond Mortg. Co.*,
414 Mich. 603, 327 N.W.2d 805 (1982) ........................................................ iv, 3

*Bezeau v. Palace Sports & Ent., Inc.*,
487 Mich. 455, 795 N.W.2d 797 (2010) ..................................................... v, 5, 6

*Lesner v. Liquid Disposal, Inc.*,
466 Mich. 95, 643 N.W.2d 553 (2002) ..............................................................7

*Liss v. Lewiston-Richards, Inc.*,
478 Mich. 203, 732 N.W.2d 514 (2007) ............................................................7

*Michigan Educ. Emps. Mut. Ins. Co. v. Morris*,
460 Mich. 180, 596 N.W.2d 142 (1999) ........................................................ v, 5

*Pohutski v. City of Allen Park*,
465 Mich. 675, 641 N.W.2d 219 (2002) ................................................ v, 5, 6, 7

*Smith v. Globe Life Ins. Co.*,
460 Mich. 446, 597 N.W.2d 28 (1999) ..............................................................6

***Statutes***

MCL 445.904(1)(a) ........................................................................................ passim

MCL 445.904(10)(a) ...............................................................................................7

***Rules***

Local Rule 5.1(a) ......................................................................................................8

Local Rule 7.1(d)(3) ..................................................................................................8

# **Issues Presented**

1. The Michigan Supreme Court's recent decision in *Attorney General v. Eli Lilly & Co.* narrowed the scope of the MCL 445.901(1)(a) exemption does did not prevent it from applying when the specific transaction or conduct at issue is authorized by law. Should this Court reinstate Count VI of Plaintiffs' complaint, which brought a Michigan Consumer Protection Act claim based on conduct specifically authorized by the Concession and Lease Agreement between the parties, in light of this recent decision?

Plaintiffs presumably answer: Yes.

UBP answers: No.

This Court should answer: No.

2. Michigan law generally gives judicial decisions retroactive effect, except when the holding overrules settled precedent. Should this Court give the *Eli Lilly* decision retroactive effect when the holding overruled settled precedent?

Plaintiffs presumably answer: Yes.

UBP answers: No.

This Court should answer: No.

## Controlling Authority for Relief Sought

**The Michigan Supreme Court's decision in *Attorney General v. Eli Lilly* narrows the scope of the MCL 445.904(1)(a) exemption to the Michigan Consumer Protection Act, but does not prevent the exemption from applying where the specific transaction or conduct at issue was authorized by law.**

*Att'y Gen. v Eli Lilly & Co.*, No. 165961, 2026 WL 2212544 (Mich. July 31, 2026);
*Att'y Gen. v. Diamond Mortg. Co.*, 414 Mich. 603, 327 N.W.2d 805 (1982).

**A judicial decision that overrules settled precedent may be given prospective, rather than retroactive, effect.**

*Michigan Educ. Emps. Mut. Ins. Co. v. Morris*, 460 Mich. 180, 190, 596 N.W.2d 142 (1999);
*Pohutski v. City of Allen Park*, 465 Mich. 675, 696, 641 N.W.2d 219 (2002);
*Bezeau v. Palace Sports & Ent., Inc.*, 487 Mich. 455, 463, 795 N.W.2d 797 (2010).

## Introduction and Relevant Background

In March 2023, UBP and Bay City entered into a Concession and Lease Agreement (the "Agreement"), under which UBP was to repair, rehabilitate, and maintain the Independence Bridge located in Bay City. (ECF No 1-1, Complaint, Exhibit 1, PageID 42-212). The Agreement also authorized UBP to control all aspects of toll bridge operations and take all actions related to UBP's exclusive right to manage and toll the Independence Bridge. (*Id* at PageID48, Section 7)

In January 2025, consistent with its rights under the Agreement, UBP began tolling bridge passengers. Plaintiffs filed this action shortly after, alleging that UBP had, among other things, violated the Michigan Consumer Protection Act ("MCPA") by engaging in unfair, deceptive, and unlawful business practices. (ECF No 1-1, Complaint, Count VI). Specifically, these alleged violations center on "charging tolls and collective fees before providing the promised and advertised service." (Id., at PageID 39, ¶157).

UBP filed a motion to dismiss all counts brought against it, arguing with respect to the MCPA claim that because UBP's conduct was authorized by law, MCL 445.904(1)(a) applied, exempting UBP from the claim. ECF No. 20, PageID.378-379. In Plaintiffs' response to the motion, they acknowledged

that UBP was right and admitted the claim should be dismissed. ECF No. 35, PageID.666. And on March 31, 2026, this Court did just that and issued an order dismissing four of counts brought in the complaint, including the MCPA claim. ECF No. 38.

Several months later, the Michigan Supreme Court issued its decision in *Att'y Gen. v Eli Lilly & Co.*, No. 165961, 2026 WL 2212544 (Mich. July 31, 2026), narrowing the scope of MCL 445.904(1)(a). Plaintiffs filed this motion in response, asking this Court to reinstate Count VI, the MCPA claim. ECF No. 53. However, UBP's conduct is still specifically authorized by law and thus, still falls within MCL 445.904(1)(a)'s narrowed scope. Plaintiffs' motion should be denied accordingly.

## Argument

### I. The Concession and Lease Agreement specifically authorizes the conduct at issue here, making it exempt from a Michigan Consumer Protection Act claim under MCL 445.904(1)(a).

Plaintiffs assert that nothing in the present record specifically authorizes UBP to engage in the alleged conduct, including allegedly misrepresenting terms of a toll subscription and collecting payment from consumers for services that were allegedly not provided. ECF No. 53, PageID.842. Thus, Plaintiffs argue, under the Michigan Supreme Court's

ruling in *Eli Lilly*, UBP is no longer entitled to dismissal of Count VI under MCL 445.904(1)(a).

This argument misconstrues the holding of *Eli Lilly* and applies it in a manner contrary to the substance of its decision. Plaintiffs are correct that *Eli Lilly* narrows the MCL 445.904(1)(a) exemption to claims "involving transactions or conduct that the defendants are specifically authorized by law to do. *Id*. at *12. However, the Michigan Supreme Court also went on to add that this interpretation of MCL 445.904(1)(a) is "consistent with [its] holding in *Diamond Mortgage*," where the Court clarified that while "no statute or regulatory agency specifically authorizes misrepresentations or false promises, the exemption will nevertheless apply where a party seeks to attach such labels" to specifically authorized transactions or conduct. *Att'y Gen. v. Diamond Mortg. Co.*, 414 Mich. 603, 617, 327 N.W.2d 805 (1982). In other words, a plaintiff can't get around MCL 445.904(1)(a) by simply characterizing specifically authorized conduct as fraudulent.

That is exactly the case here, where Plaintiffs attempt to avoid MCL 445.904(1)(a) by simply asserting that UBP's conduct was deceptive or unlawful for that very conduct under the Agreement. Per the terms of the Agreement, UBP is "responsible for all aspects of bridge operations" and

"authorized to take all actions related to UBP's exclusive right to . . . operate . . . manage, and toll the Independence Bridge." (ECF No 1-1, Complaint, Exhibit 1, PageID 48, Section 7). Operation and management of the bridge inherently includes charging tolls to consumers and marketing and advertising the tolling options. And these actions certainly fall with the "all actions" UBP was expressly authorized to take. By engaging in this conduct, UBP was merely acting under the legal authority specifically provided to it by the terms of the Agreement.

Because UBP's conduct was specifically authorized by law, MCL 445.904(1)(a) applies and exempts UBP from Plaintiffs' MCPA claim, even when the *Eli Lilly* decision is fully accounted for. Therefore, this Court should deny Plaintiffs' motion to reinstate Count VI.

## II. Because the Eli Lilly decision overrules settled precedent, it should be given prospective, rather than retroactive, effect.

Michigan law generally requires judicial decisions to be given retroactive effect, unless the decision establishes a new principle of law by overruling clear past precedent on which the parties have relied or by deciding an issue of first impression where the result would have been unforeseeable to the parties. *Michigan Educ. Emps. Mut. Ins. Co. v. Morris*, 460

Mich. 180, 190, 596 N.W.2d 142 (1999); *Pohutski v. City of Allen Park*, 465 Mich. 675, 696, 641 N.W.2d 219 (2002) (holding that a decision that overrules settled precedent may be properly limited to prospective application).

A judicial decision establish a new rule of law when the opinion "gives effect to the intent of the Legislature" contrary to previous "erroneous interpretations." *Pohutski*, 465 Mich. At 696. Thus, when a court interprets a statute "consistently with its plain language" but "in a way that [is] inconsistent with how the statute had been previously applied," that interpretation established a new rule of law. *Bezeau v. Palace Sports & Ent., Inc.*, 487 Mich. 455, 463, 795 N.W.2d 797 (2010).

Here, the Michigan Supreme Court reached its new interpretation of MCL 445.904(1)(a) in *Eli Lilly* "based on the plain language of the statute." *Eli Lilly* at *12. Further, in reaching that decision, the Court noted that the statute had previously been erroneously interpreted and wrongly applied. *Id*. at *15. Because the *Eli Lilly* opinion uses the plain language of the statute to give effect to Legislative intent, it establishes a new principle of law by overruling settled precedent.

When a decision overrules clear precedent, as the decision does in *Eli Lilly*, the court should proceed to determining whether prospective

application should apply by considering three different factors. *Pohutski*, 465 Mich. at 696. Those factors are (1) the purpose to be served by the new rule, (2) the extent of reliance on the old rule, and (3) the effect retroactivity would have on the administration of justice. *Id*. Having determined that *Eli Lilly* establishes a new rule of law, the analysis now turns to application of those three factors here.

First, the purpose of the new rule in *Eli Lilly* is to correct the erroneous interpretation of MCL 445.904(1)(a) that was established in prior Michigan case law. *Id*. Under Michigan law, this purpose supports a prospective application of the new rule. For example, in *Pohutski*, the Michigan Supreme Court held that prospective application of a rule would further the opinion's purpose of correcting an error in the interpretation of a statute. *Pohutski*, 465 Mich. at 697. The Court reached a similar conclusion in *Bezeau*, holding that prospective application of a new rule was appropriate where the purpose of the rule was to "interpret the law consistently with the Legislature's intent." *Bezeau*, 487 Mich. at 464. Thus, this factor weighs in favor of prospective application of the *Eli Lilly* decision.

Second, the prior interpretation of MCL 445.904(1)(a) established by *Smith v. Globe Life Ins. Co.*, 460 Mich. 446, 597 N.W.2d 28 (1999) and *Liss v.*

*Lewiston-Richards, Inc.*, 478 Mich. 203, 732 N.W.2d 514 (2007) was the controlling authority for years. As a result, that interpretation was relied upon by consumers, businesses, and Michigan courts for years. *See Lesner v. Liquid Disposal, Inc.*, 466 Mich. 95, 109, 643 N.W.2d 553 (2002) (holding that where an overruled case was the controlling precedent for six years, there was widespread reliance on that case weighing in favor of prospective application of the new rule). Prospective application of the *Eli Lilly* decision acknowledges that reliance and thus, the second factor weighs in favor of prospective application as well.

Finally, prospective application would minimize the effect of this decision on the administration of justice. Because the scope of MCL 445.904(10)(a) was well-settled for years, the potential for disruption to the administration of justice if the *Eli Lilly* decision is applied retroactively is high. But even if this Court were to find that potential to be more minimal, the other two *Pohutski* factors must also be taken into account. Here, where those first two factors weigh strongly in favor of prospective application, this Court should give the *Eli Lilly* decision a prospective effect and decline to apply the holding here.

## **Conclusion and Relief Requested**

For the foregoing reasons, UBP asks this Court to deny Plaintiffs' motion to reinstate Count VI of Plaintiffs' removed complaint.

BY: *~~/s/ Jeffrey R. Hicks~~*
DAVID C. ANDERSON (P55258)
JEFFREY R. HICKS (P74279)
Attorneys for Defendant UBP Bay City
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

Dated: September 14, 2026

## **Certificate of Compliance**

I, Jeffrey R. Hicks, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom: consecutive page numbering; and type size of all text and footnotes is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

BY: */s/ Jeffrey R. Hicks*
DAVID C. ANDERSON (P55258)
JEFFREY R. HICKS (P74279)
Attorneys for Defendant UBP Bay City
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

Dated: September 14, 2026

**Certificate of Service**

I, Jeffrey R. Hicks, hereby certify that on September 14, 2026, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system, and that it was electronically served on all counsel of record via the ECF System and to any counsel or party not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. Mail.

BY: */s/ Jeffrey R. Hicks*

DAVID C. ANDERSON (P55258)
JEFFREY R. HICKS (P74279)
Attorneys for Defendant UBP Bay City
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

Dated: September 14, 2026